Jackson v. Duquoin Coal Mining Co.

---

## W. W. Jackson v. Duquoin Coal Mining Co.

1. QUESTIONS OF FACT—*For the Jury.*—The question as to whether some of the subsequent dealings between the parties were to be governed by the original contract alone, or by that in connection with later oral agreements between the parties, is one of fact for the jury, to determine from the facts and circumstances shown in evidence.

2. VENDOR AND VENDEE—*Damages After Repudiating the Contract.*—Where the vendee under a contract for the sale of coal wrote to the vendor, "You can consider our contract off and stop all shipments on all orders; we will not take or receive any more coal under this contract," *it was held* that the trial court properly refused to admit evidence of damages claimed because of the failure of the vendor to deliver coal after the receipt of the letter.

Assumpsit.—Breach of contract. Trial in the Superior Court of Cook County; the Hon. NATHANIEL C. SEARS, Judge, presiding. Verdict and judgment for plaintiff, $9,053.72. Error by defendant. Heard in the Branch Appellate Court, First District, at the March term, 1898. Affirmed. Opinion filed May 31, 1898.

ULLMANN & HACKER, attorneys for plaintiff in error.

E. H. GARY and CHURCH & McMURDY, attorneys for defendant in error.

MR. PRESIDING JUSTICE SHEPARD delivered the opinion of the court.

The defendant in error was plaintiff in the suit below,

and brought an action against the plaintiff in error to recover upon its claim for the value of coal sold and delivered, and damages for coal refused, under certain contracts claimed to have been entered into between the parties.

By stipulation, made at the trial below, it was agreed that under the declaration filed, the plaintiff might introduce any evidence relating to the agreements between the parties or claims referred to in the declaration, or a breach or breaches thereof, which would be competent under any declaration or counts properly drawn, and any evidence which might be introduced under replications properly drawn, and that under the pleas of defendant filed in the case, it might introduce any evidence which would be admissible under any additional pleas properly drawn.

So the case and the defense were respectively what the evidence showed, irrespective of pleadings.

There was a written contract, and there was evidence tending to prove one or more subsequent oral contracts, all relating to the subject of a sale and delivery of coal by the defendant in error to the plaintiff in error, during the months of November and December, 1891. All coal delivered prior to November was paid for and is not in question, and there was no coal delivered after December, 1891, notice having been given in that month, by the plaintiff in error, that no more coal would be received.

The written contract, by its terms, contemplated merchantable coal to be furnished from the mines of the defendant in error, and perhaps it may be said with sufficient accuracy, that the underlying substantive fact in controversy was whether some of the subsequent dealings between the parties were to be governed by that instrument alone, or by that in connection with later oral agreements under which the defendant in error was justified in furnishing coal from other mines in filling certain orders of the plaintiff in error. Such question was peculiarly one for the jury, and we think the verdict is a substantially just conclusion from the facts and circumstances shown in evidence, and ought to stand, if there was no material error in law committed.

Jackson v, Duquoin Coal Mining Co.

Upon December 12, 1891, the plaintiff in error wrote a letter to the defendant in error, in the concluding part of which it was said: "You can consider our contract off and stop all shipments on all orders. We will not take or receive any more coal under this contract."

That letter being introduced in evidence, and not being avoided, the trial court, properly, as we think, refused to admit evidence of damages claimed, because of the failure of the defendant in error to deliver coal after December 12th. It would be manifestly wrong to allow one party to a contract to have damages because the other party took him at his word in repudiating and terminating the contract.

Presumably, and in consistent harmony with its theory in that regard, the trial court upon its own motion gave to the jury an instruction which the plaintiff in error claims constitutes serious error. The instruction was as follows:

"The court instructs the jury that upon all the evidence in this case the verdict must be for the plaintiff; the only questions submitted to the jury being the question as to the plaintiff's right, if any, to recover on account of coal rejected by defendant, and the question as to right, if any, of defendant to set off against and deduct from plaintiff's dam_ages, the damages, if any, claimed by defendant upon its plea of set-off for failure, if any, of plaintiff to ship coal claimed by defendant to have been ordered in November and December, 1891."

Critically considered, by itself, such instruction does not completely state the issues presented by the pleas of set-off interposed by the defendant. One or more of such pleas referred to the alleged failure of the plaintiff to furnish coal of agreed standard, and there was evidence that tended to show some of the coal shipped, but not accepted, was inferior in quality, and not of the kind contracted for.

As there was no controversy concerning coal shipped in any months other than November and December, the only right to set-off, referred to coal ordered and shipped, and inferior coal delivered in those months.

It is said in the brief for plaintiff in error, "the only claim for damages made by defendant grew out of the shipment of inferior coal, and that shipped from other mines, and not on account of the non-delivery of coal ordered in November and December." The alleged inferior and non-contract coal that was shipped was the basis for the refusal by plaintiff in error to accept any more coal, and the coal so claimed to be inferior and not up to contract was not accepted, but was rejected and turned back to defendant in error. In other words, plaintiff in error refused to accept, and did not take such coal.

The whole substantial question seems, therefore, to be covered by the instruction, limiting, though it did, the plaintiff's right to recover on account of coal that was rejected, and the defendant's right to set off damages for failure to ship contract coal ordered in November and December.

But if there be any doubt about it, we think a general instruction, given at the request of plaintiff in error, removed all uncertainty. It was as follows:

"If the jury believe from the evidence that the plaintiff was guilty of a breach of the contract sued on and that the defendants are entitled to damages against the plaintiff by reason of such breach, if any, they may set off whatever they find such damages, from the evidence, to be, if any, against the amount that they may find from the evidence to be due the plaintiff and bring in their verdict accordingly."

We discover nothing in the other argued errors that entitles them to special attention.

The case, though contained in a voluminous bill of exceptions, is in reality a simple one, and we think a just conclusion was reached in the trial court.

The judgment of the Superior Court is therefore affirmed.